**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GENA OVERBY,

    Plaintiff,

    v.

EXTELL DEVELOPMENT COMPANY;
726 Eighth, LLC; TRIDENT GENERAL
CONTRACTING, LLC; and JOHN DOES
1-10,

    Defendants.

26-cv-_____

**COMPLAINT
AND DEMAND
FOR JURY TRIAL**

Plaintiff Gena Overby ("Plaintiff"), by and through undersigned counsel, alleges upon personal

knowledge as to her own acts and experiences, and upon information and belief as to all other matters, as

follows:

### I. NATURE OF THE ACTION

1. This is an action for money damages arising from personal injuries sustained by Plaintiff as a result of

a dangerous and defective sidewalk condition at or near the northeast corner of West 45th Street and

Eighth Avenue, New York, New York, on December 12, 2025.

2. Plaintiff seeks compensatory damages (past and future) for, among other things, pain and suffering,

medical expenses, loss of earnings, and other losses caused by Defendants' negligence.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in

controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Plaintiff Gena Overby is a citizen of the State of Oklahoma.

5. Upon information and belief, Defendant 726 Eighth, LLC is a Delaware limited liability company.

Upon information and belief, 726 Eighth, LLC's registered agent for service of process is The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware

19801, and its principal business address is c/o Extell Development Company, 805 Third Avenue, 7th Floor, New York, New York 10022. For purposes of diversity jurisdiction, 726 Eighth, LLC is a citizen of each State of which its members are citizens. Plaintiff will amend these allegations regarding the citizenship of the members of the LLC as necessary once the members' identities and citizenship are confirmed.

6.   Upon information and belief, Defendant Extell Development Company is a Delaware corporation with its principal place of business in New York, New York. Upon information and belief, Extell Development Company's registered agent for service of process in New York is C T Corporation System, 28 Liberty Street, New York, New York 10005.

7.   Upon information and belief, Defendant Trident General Contracting, LLC is a New York limited liability company authorized to and/or doing business in New York, New York. Upon information and belief, Trident General Contracting, LLC's address for service of process is Cogency Global Inc., 122 East 42nd Street, 18th Floor, New York, New York 10168. For purposes of diversity jurisdiction, Trident General Contracting, LLC is a citizen of each State of which its members are citizens; Plaintiff will amend these allegations regarding the citizenship of the members of the LLC as necessary once the members' identities and citizenship are confirmed.

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, specifically in Manhattan, New York County, New York.

9.   This action should be tried in Manhattan because the accident occurred in Manhattan and the premises at issue are located in Manhattan.

### III. PARTIES

10.  Plaintiff Gena Overby is an adult individual who is domiciled in, and a citizen of, Oklahoma.

11.  Upon information and belief, Defendant 726 Eighth, LLC ("726 Eighth") owned, possessed, operated, managed, maintained, and/or controlled the real property abutting the subject sidewalk at or near the

Location, including but not limited to property commonly identified as 740 Eighth Avenue, New York, New York 10036 (the "Premises").

12.  Upon information and belief, Defendant Extell Development Company ("Extell") was the developer and/or construction manager and/or otherwise responsible for, and exercised control over, construction activities, pedestrian routing, sidewalk conditions, and safety measures at and around the Premises, including the sidewalk area where Plaintiff fell.

13.  Upon information and belief, Defendant Trident General Contracting, LLC ("Trident") was the general contractor and/or a contractor and/or otherwise performed, directed, and/or controlled construction-related work at and around the Premises, including work affecting the sidewalk and pedestrian path of travel at the Location.

14.  Defendants John Does 1-10 are those persons or entities whose names and identities are presently unknown, including contractors, subcontractors, permittees, sidewalk-shed installers, and/or entities responsible for sidewalk patching, temporary asphalt ramps, pedestrian maintenance and protection, warnings, signage, and/or sidewalk repairs at and around the Premises. Plaintiff will amend this Complaint to substitute the true names of the John Doe Defendants when ascertained.

15.  At all relevant times, each Defendant, including the John Doe Defendants, owned, possessed, operated, managed, maintained, controlled, and/or was otherwise responsible for the subject sidewalk area and/or the means and methods of work affecting that sidewalk area.

## IV. FACTUAL ALLEGATIONS

16.  On December 12, 2025, at approximately 10:45 a.m. to 11:00 a.m., Plaintiff was lawfully walking as a pedestrian in Manhattan, New York.

17.  Plaintiff was walking westbound on West 45th Street and was turning, or was about to turn, northbound onto Eighth Avenue at the northeast corner of West 45th Street and Eighth Avenue (the "Location").

18.  At the Location, the sidewalk and pedestrian path of travel were in a dangerous, defective, and unsafe condition.

19. Specifically, upon information and belief, the sidewalk contained an irregularity and unevenness, including but not limited to a raised lip and/or abrupt height differential and/or a defective or irregular temporary asphalt patch/ramp, creating a hazardous tripping condition (the "Defect").

20. The Defect constituted a trap and snare for pedestrians and was not reasonably safe for intended pedestrian use.

21. Upon information and belief, the Defect was caused by and/or related to construction activities at and around the Premises, including temporary work, patching, ramping, pedestrian routing, and/or changes to the sidewalk surface.

22. There were no adequate warnings, cones, barricades, caution tape, signage, markings, or other protective measures to alert pedestrians to the Defect or to prevent pedestrians from encountering it.

23. Plaintiff, while exercising reasonable care for her own safety, caught her foot on the Defect and fell violently to the ground.

24. As a direct and proximate result of the fall, Plaintiff sustained serious injuries, including a fracture of the sacrum, together with pain and suffering and related injuries and conditions.

25. Plaintiff required and will continue to require medical care and treatment and has incurred and will continue to incur medical expenses.

26. Plaintiff has suffered and will continue to suffer loss of earnings and/or impairment of earning capacity, and other economic losses.

27. Plaintiff has suffered and will continue to suffer non-economic damages including pain and suffering, loss of enjoyment of life, and other damages permitted by law.

28. Upon information and belief, Defendants, individually and collectively:

    (a) created and/or caused the Defect through construction activities and/or sidewalk work;

    (b) allowed the Defect to exist;

    (c) failed to properly inspect the sidewalk and pedestrian route;

    (d) failed to timely and properly repair, replace, or correct the Defect;

    (e) failed to maintain the sidewalk in a reasonably safe condition for pedestrian travel;

(f)  failed to provide adequate warnings and protective devices; and/or

(g)  failed to implement reasonable pedestrian safety measures at and around the Premises.

29.  Upon information and belief, Defendants had actual notice of the Defect because they created it, directed work that created it, and/or exercised control over the work and the conditions at the Location.

30.  Alternatively, and/or in addition, upon information and belief, Defendants had constructive notice of the Defect because it existed for a sufficient period of time and was of such a nature that it should have been discovered and remedied through the exercise of reasonable care.

31.  Upon information and belief, Defendants owed Plaintiff a duty to maintain the abutting sidewalk, including the intersection quadrant for corner property, in a reasonably safe condition, including duties imposed by New York City Administrative Code § 7-210 and by the common law.

32.  Defendants' acts and omissions were a direct and proximate cause of Plaintiff's injuries and damages.

### V. FIRST CAUSE OF ACTION (NEGLIGENCE)
### (Against All Defendants)

33.  Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34.  Defendants owed Plaintiff a duty to exercise reasonable care in the ownership, possession, operation, management, maintenance, inspection, control, and/or repair of the Premises and the abutting sidewalk at the Location, including the duty to keep the sidewalk reasonably safe for pedestrian travel and to warn of dangerous conditions.

35.  Defendants breached their duties by, among other things, creating, causing, permitting, and/or maintaining the Defect; failing to inspect; failing to repair; failing to correct; failing to safeguard; failing to warn of the Defect; and otherwise failing to act with reasonable care.

36.  Defendants' negligence was a direct and proximate cause of the incident and Plaintiff's resulting injuries and damages.

37.  As a result of Defendants' negligence, Plaintiff has sustained damages in an amount to be determined at trial, believed to exceed $75,000, exclusive of interest and costs.

## VI. DEMAND FOR JURY TRIAL

38. Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. Awarding Plaintiff compensatory damages in an amount to be determined at trial;

B. Awarding Plaintiff costs and disbursements of this action; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: April 17, 2026.
Respectfully submitted,

/s/ Alexey V. Tarasov

Alexey V. Tarasov,
Attorney at Law
***Counsel for Plaintiff***
5211 Reading Road
Rosenberg, Texas 77471
330 West Gray Street, Suite No. 208,
Norman, Oklahoma 73069
Tel.: 832-623-6250
Fax: 832-558-3540
E-mail: alexey@tarasovlaw.com