UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                           :

GENA OVERBY,                      :

          Plaintiff,       :

                          :      26-CV-3170 (JMF)

     -v-                  :

                          :    MEMORANDUM OPINION
EXTELL DEVELOPMENT COMPANY et al.,  :     AND ORDER

      Defendants.     :

                          :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Gena Overby brings this action against Defendants Extell Development Company, 726 Eighth LLC ("726 Eighth"), and Trident General Contracting LLC ("Trident"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. By Order dated April 21, 2026, the Court explained that Overby had "fail[ed] to affirmatively plead the citizenship of each member of the Defendant LLCs" and ordered Plaintiff to amend her Complaint to cure this deficiency no later than April 28, 2026. ECF No. 3, at 2. The Court cautioned that, "[i]f, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party." *Id.*

Upon review of Overby's amended complaint, *see* ECF No. 5 ("FAC"), the Court finds that Overby has once again failed to sufficiently plead complete diversity and that this case must be dismissed for lack of subject-matter jurisdiction. Overby alleges that she has been unable to ascertain the citizenship of 726 Eighth's members despite diligent efforts, *see* FAC ¶¶ 11-16, an allegation that might well counsel in favor of jurisdictional discovery instead of dismissal, *see, e.g.*, *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20-CV-731 (PAE), 2020

WL 7711629, at *2-3 (S.D.N.Y. Dec. 29, 2020).  Conspicuously, however, she does not make the same claim with respect to Trident, as to which she also fails to affirmatively allege the citizenship of all members.  *See* FAC ¶¶ 6-10 & nn. 2-3.  Instead, Overby relies on out-of-Circuit precedent to argue that she need not affirmatively allege the citizenship of Trident's members.  *See id.* ¶ 9 & n.3 (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015)).  That reliance is misplaced.  *See, e.g.*, *Tutor Perini*, 2020 WL 7711629, at *2 (explaining that "*Lincoln Benefit* strays from the well-established principles placing the onus of pleading subject-matter jurisdiction on the party invoking it").  It follows that Overby has insufficiently alleged complete diversity, and the case must be dismissed for lack of subject-matter jurisdiction.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 12, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2